Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills, MI 48334 (248) 353-7575

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ZACHARY NEWHOUSE, Personal Representative of the Estate of DAVID NEAL NEWHOUSE, JR., Deceased,

Plaintiff,

Case No:
Hon.

vs.

OZARK MOTOR LINES, INC., a Tennessee Corporation, and MICHAEL JOSEPH ZIEMBA, Jointly and Severally,

Defendants.

JOSHUA R. TEREBELO (P72050)
JORDAN M. EWALD (P85650)
**MICHIGAN AUTO LAW, P.C.**
Attorneys for Plaintiff
30101 Northwestern Highway
Farmington Hills, MI 48334
(248) 353-7575; Fax (248) 254-8091
jterebelo@michiganautolaw.com
jjones@michiganautolaw.com
jewald@michiganautolaw.com

JORDAN M. JONES (P77866)
**LOS ANGELES TRUCK ACCIDENT LAWYERS, PC**
Co-Counsel for Plaintiff
360 E. 2nd St., Ste. 820
Los Angeles, CA 90012
P: (213) 993-0360
F: (213) 816-1972
jjones@TruckLawyers.com
gcanto@TruckLawyers.com

## COMPLAINT AND DEMAND FOR JURY TRIAL

There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the complaint.

/s/ *Joshua R. Terebelo*
Joshua R. Terebelo

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills, MI 48334 (248) 353-7575

NOW COMES Plaintiff, ZACHARY NEWHOUSE, Personal Representative of the Estate of DAVID NEAL NEWHOUSE, JR., by and through his attorneys, and pleads as follows:

**JURISDICTION AND VENUE**

1. That the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

2. That DAVID NEAL NEWHOUSE, JR., Deceased, (the "decedent") at all times material hereto, was a resident of the City of Portage, County of Kalamazoo, and State of Michigan.

3. That the plaintiff, ZACHARY NEWHOUSE, was appointed in Kalamazoo County, State of Michigan, as the Personal Representative of the Estate of DAVID NEAL NEWHOUSE, JR., Deceased. (**Exhibit 1**).

4. The plaintiff, ZACHARY NEWHOUSE, Personal Representative of the Estate of DAVID NEAL NEWHOUSE, JR., at all times material hereto, was a resident of the City of Portage, County of Kalamazoo, and State of Michigan.

5. That the Defendant, MICHAEL JOSEPH ZIEMBA, at all times material hereto, was a resident of the City Greenwood, County of Jackson, and State of Florida.

6. That the Defendant, OZARK MOTOR LINES, INC., is a Tennessee for-profit corporation authorized to do business in the City of Three Rivers, County of St.

Joseph, and State of Michigan, by virtue of the Statutes of the State of Michigan and was at all times material hereto, doing business as plaintiff is informed and believes.

7. The plaintiff ZACHARY NEWHOUSE, both as an individual and in his capacity as the Personal Representative of the Estate of DAVID NEAL NEWHOUSE, JR., is from a different state than each of the defendants in this matter. There is complete diversity pursuant to 28 U.S.C. § 1332.

8. Venue is otherwise appropriate within this jurisdiction.

**COUNT I**

NOW COMES the Plaintiff, and pleads Count I as follows:

9. Plaintiff hereby realleges, reaffirms and incorporate herein by reference all allegations in paragraphs numbered 1-8.

10. That on or about July 22, 2024, at or about 8:30 AM, the decedent, DAVID NEAL NEWHOUSE, JR. (the "decedent"), was working at Dock 13 at the Three Rivers Container Plant, a facility owned and operated by International Paper Corporation, in the City of Three Rivers, County of St. Joseph, State of Michigan.

11. That at the aforementioned time and place, the Defendant, MICHAEL JOSEPH ZIEMBA, was operating a 2024 Freightliner tractor, Tennessee License Plate No. S7564HY, hauling a Hyundai Translead trailer, Tennessee License Plate No. 394858T, with the express and implied consent and knowledge of the owner, OZARK MOTOR LINES, INC., and was in the course and scope of his employment with OZARK



Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills, MI 48334 (248) 353-7575

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills, MI 48334 (248) 353-7575

MOTOR LINES, INC., said company being liable under the doctrine of Respondeat Superior and the Owner's Liability Act.

12. At that time and place, the Defendant, MICHAEL JOSEPH ZIEMBA, owed the decedent and the public the duty to obey and drive in conformity with the duties embodied in the Common Law, the Motor Vehicle Code of the State of Michigan, as amended, and the ordinances of the City of Three Rivers

13. The Defendant, MICHAEL JOSEPH ZIEMBA, did then and there display negligence and misconduct by driving his semi-truck in reverse without making sure it was safe to do so, striking the decedent and/or running him over, fatally injuring him.

14. That at the said time and place, Defendant, MICHAEL JOSEPH ZIEMBA, was guilty of negligence and misconduct as follows:

A. In backing up his vehicle without making sure it was safe to do so;

B. In failing to keep a reasonable lookout while backing his vehicle;

C. In failing to have the vehicle equipped with proper brakes and/or failing to apply said brakes in time;

D. In failing to drive with due care and caution;

E. In backing up his semi-truck without blowing the airhorn to alert nearby pedestrians;

F. In reversing his semi-truck without utilizing a spotter;

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills, MI 48334 (248) 353-7575

G. In failing to take all possible precautions to avoid any collision with other persons; and

H. In failing to make and/or renew observations of the conditions around his truck as he was operating his vehicle.

15. The Defendant, MICHAEL JOSEPH ZIEMBA, was further negligent in failing to obey and drive in conformity with the Common Law, the Federal Motor Carriers Safety Regulations, the Motor Vehicle Code of the State of Michigan as amended, and ordinances of the City of Three Rivers.

16. That among those Statutes Defendants, MICHAEL JOSEPH ZIEMBA and OZARK MOTOR LINES, INC., violated include, but are not limited to the following:

| | | |
|---|---|---|
| M.C.L. | 257.401 | Owner liability; |
| M.C.L. | 257.601d | Moving violation causing death or serious impairment of body function |
| M.C.L. | 257.613 | Pedestrians; |
| M.C.L. | 257.626 | Reckless driving; |
| M.C.L. | 257.626b | Careless or negligent driving; |
| M.C.L. | 257.677 | View or control of driver; |
| M.C.L. | 257.683 | Unlawful to drive or, as owner, permit to be driven or moved unsafe vehicle; |
| M.C.L. | 257.705 | Brakes; |
| M.C.L. | 257.706 | Horns and warning devices; |

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills, MI 48334 (248) 353-7575

| | | |
|---|---|---|
| M.C.L. | 257.708 | View of rear; mirrors; |
| M.C.L. | 257.709 | Unobstructed windshield and windows; |
| M.C.L. | 480.11, et seq. | Motor Carrier Safety Act of 1963; and |
| 49 C.F.R. | | Motor Carrier Safety Act Code of Federal Regulations. |

17. As a factual and proximate cause of the Defendants' conduct, DAVID NEAL NEWHOUSE, JR., was fatally injured in the subject incident, causing DAVID NEAL NEWHOUSE, JR., and his Estate to suffer economic and non-economic losses.

18. Accordingly, the Defendants are guilty of negligence.

19. That should it be determined at the time of trial that the said decedent, DAVID NEAL NEWHOUSE, JR., was suffering from any pre-existing conditions, at the time of the aforesaid collision, then and in such event, it is averred that the negligence of Defendant precipitated, exacerbated and aggravated any such pre-existing conditions.

WHEREFORE, the Plaintiff, ZACHARY NEWHOUSE, Personal Representative of the Estate of DAVID NEAL NEWHOUSE, JR., Deceased, now claims judgment for whatever amount he, and the estate, are found to be entitled, plus court costs, attorney fees, and interest from the date of the filing of this complaint.

## COUNT II: EXCESS ECONOMIC LOSSES

NOW COMES the Plaintiff, and pleads Count II as follows:

20. Plaintiff hereby realleges, reaffirms and incorporates herein by reference all allegations in paragraphs numbered 1-19.

21. Plaintiff hereby claims damages for allowable expenses in excess of the amount covered by Plaintiff's No-Fault carrier, and work loss in excess of the daily, monthly, and three (3) year limitations, plus all other economic damages allowable under the Michigan No-Fault Law.

22. Plaintiff hereby claims any health insurance, worker's compensation, or other liens, whether by operation of statute or contract, relating to the subject incident.

23. Plaintiff hereby claims all non-economic damages for the death, serious impairment of body function and/or permanent serious disfigurement, as more clearly set out in in Count I.

WHEREFORE, the Plaintiff, ZACHARY NEWHOUSE, Personal Representative of the Estate of DAVID NEAL NEWHOUSE, JR., Deceased, now claims judgment for whatever amount he is found to be entitled, plus court costs, attorney fees and interest from the date of filing this Complaint.

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills, MI 48334 (248) 353-7575

## COUNT III: VICARIOUS LIABILITY

NOW COMES the Plaintiff, and pleads Count III as follows:

24. Plaintiff hereby realleges, reaffirms and incorporate herein by reference all allegations in paragraphs numbered 1-23.

25. OZARK MOTOR LINES, INC., is the employer of MICHAEL JOSEPH ZIEMBA, who was acting within the course and scope of his employment with Defendant OZARK MOTOR LINES, INC. at the time of the accident herein.

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills, MI 48334 (248) 353-7575

26. That in addition to the allegations set out in Counts I and II, Defendant MICHAEL JOSEPH ZIEMBA's employer, OZARK MOTOR LINES, INC., is liable for Defendant MICHAEL JOSEPH ZIEMBA's negligence under the doctrine of Respondent Superior.

27. The Defendant, OZARK MOTOR LINES, INC., was the owner of the tractor and trailer being operated by defendant MICHAEL JOSEPH ZIEMBA, and he was using it with Defendant OZARK MOTOR LINES, INC.'s knowledge and permission at the time of the incident, making OZARK MOTOR LINES, INC. vicariously liable his negligence pursuant to the Michigan Ownership Liability Act, MCL § 257.401 et seq.

28. As a factual and proximate cause of MICHAEL JOSEPH ZIEMBA's conduct as set out more fully in Count I and elsewhere in this Complaint, decedent DAVID NEAL NEWHOUSE, JR., was fatally injured, and decedent and the estate and suffered injuries and damages as set out in Counts I and II.

WHEREFORE, the Plaintiff, ZACHARY NEWHOUSE, Personal Representative of the Estate of DAVID NEAL NEWHOUSE, JR., Deceased, now claims judgment for whatever amount he is found to be entitled, plus court costs, attorney fees and interest from the date of filing this complaint.

## COUNT IV: ACTIVE NEGLIGENCE AS TO DEFENDANT OZARK MOTOR LINES, INC.

NOW COMES the Plaintiff, and pleads Count IV as follows:

29. Plaintiff hereby realleges, reaffirms and incorporates herein by reference all allegations in paragraphs numbered 1-28.

30. At all material times, Defendant OZARK MOTOR LINES, INC. owed the decedent and the public at a large a duty to comply, and act in accordance with, the standards and requirements set forth in the Motor Carrier Safety Act, Title 49 of the Code of Federal Regulations; The Federal Motor Carrier Safety Regulations; the Michigan Motor Carrier Safety Act of 1963, and the common law.

31. Defendant, OZARK MOTOR LINES, INC., was directly negligent, independent of the negligence of Defendant, MICHAEL JOSEPH ZIEMBA, in failing to comply with the standards and requirements as set forth in the Motor Carrier Safety Act, Title 49 of the Code of Federal Regulations; the Federal Motor Carrier Safety Regulations; the Michigan Motor Carrier Safety Act of 1963, and the common law; in one or more of the following ways:

A. Failing to properly screen and investigate Defendant, MICHAEL JOSEPH ZIEMBA, prior to hiring him, or in hiring him notwithstanding knowledge of his inexperience, lack of knowledge, and poor driving record and safety record;

B. Failing to properly direct, instruct, supervise, and train and/or control, Defendant, MICHAEL JOSEPH ZIEMBA, regarding the safe



Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills, MI 48334 (248) 353-7575

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills, MI 48334 (248) 353-7575

operation of a commercial vehicle and compliance with applicable Federal and Michigan Statutes;

C. Failing to take steps to ensure Defendant MICHAEL JOSEPH ZIEMBA's compliance with applicable Federal and Michigan statutes, and the standard of care for a truck driver; and

D. Failing to systematically and properly inspect and maintain a vehicle under its ownership or control, the 2024 Freightliner tractor, Tennessee License Plate No. S7564HY, and the Hyundai Translead trailer, Tennessee License Plate No. 394858T, in accordance with the standards set forth in the Federal Motor Carrier Safety Regulations and Michigan Motor Carrier Safety Act.

32. Defendant, OZARK MOTOR LINES, INC., was negligent in failing to ensure that its employees and/or independent contractors adhere to the proper Federal and State regulations and/or failed to properly hire, direct, instruct, supervise, train, and/or control its employees, including but not limited to Defendant, MICHAEL JOSEPH ZIEMBA.

33. The negligence of Defendant, OZARK MOTOR LINES, INC., in hiring, directing, instructing, supervising, training and/or controlling Defendant, MICHAEL JOSEPH ZIEMBA, was a factual and proximate cause of the collision.

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills, MI 48334 (248) 353-7575

34. Defendant, OZARK MOTOR LINES, INC., was negligent in failing to ensure that the vehicles under its ownership or control were systematically and properly inspected, maintained, and repaired, as required by the Motor Carrier Safety Act, Title 49 of the Code of Federal Regulations; the Federal Motor Carrier Safety Regulations; the Motor Carrier Safety Act of 1963, and the common law.

35. The negligence of Defendant, OZARK MOTOR LINES, INC., in systematically inspecting, maintaining, and repairing the vehicles under its ownership or control, was a factual and proximate cause of the collision.

36. The Defendant, OZARK MOTOR LINES, INC., carelessly, recklessly and negligently entrusted the aforementioned motor vehicle and the operation thereof to the defendant-driver, the latter being a person incompetent and unfit to drive a motor vehicle upon the highway of the State of Michigan by reason of inability, inexperience, lack of knowledge, and consistently negligent driving, all of which were known by Defendant OZARK MOTOR LINES, INC., or should have been known in the exercise of reasonable care and caution, such that the defendant-owners are hereby guilty of negligence, independent of the defendant-driver.

37. The negligence of Defendant, OZARK MOTOR LINES, INC., in entrusting the aforementioned motor vehicle, and the operation thereof, to Defendant, MICHAEL JOSEPH ZIEMBA, was a factual and proximate cause of the collision.

WHEREFORE, the Plaintiff ZACHARY NEWHOUSE, Personal Representative of the Estate of DAVID NEAL NEWHOUSE, JR., Deceased, now claims judgment for whatever amount he is found to be entitled, plus costs, attorney fees and interest from the date of filing this Complaint.

**COUNT V: WRONGFUL DEATH OF DAVID NEAL NEWHOUSE JR.**

NOW COMES the Plaintiff, and pleads Count V as follows:

38. Plaintiff hereby realleges, reaffirms and incorporates herein by reference all allegations in paragraphs numbered 1-37.

39. The defendants' negligence, individually and jointly, as set out more fully in Counts I through IV, and elsewhere in this complaint, was the factual and proximate cause of the decedent being fatally injured in the subject incident, and causing the decedent and his Estate to suffer economic and non-economic losses.

40. At the time of the subject incident, the decedent saw the impending impact of being stuck and/or run over by the tractor-trailer, and suffered a significant psychological injury, shock, fright, horror, terror, causing him conscious pain and suffering, before being physically driven over by the defendant, MICHAEL JOSEPH ZIEMBA.

41. After being physically run over and physically injured by the defendants' tractor-trailer, the decedent continued to experience conscious pain and suffering after before the time of his death.



Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills, MI 48334 (248) 353-7575

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills, MI 48334 (248) 353-7575

42. At all material times, the defendants individually and collectively, being guilty of negligence in causing the premature death of the decedent are liable for all damages sustained by the decedent, and those damages sustained by the decedent's estate and heirs at law, including but not limited to all those recoverable damages under Michigan's Survivor's Statute and/or Wrongful Death Statute, MCL 600.2921 and MCL 600.2922 respectively, including but not limited to the following:

A. Premature death;

B. Physical pain and suffering;

C. Psychological pain and suffering;

D. Mental anguish;

E. Fright and shock;

F. Denial of social pleasure and enjoyments;

G. Embarrassment, humiliation, or mortification;

H. Any other damages allowed under the above cited statutes and/or under Michigan law; and

I. All damages that are fair and just and that bear the circumstances of this loss.

43. The plaintiff, on behalf of the estate of the deceased, requests all damages that are fair and just under the circumstances, including, without limitation, the following:

A. Reasonable medical, hospital, funeral and burial expenses;

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills, MI 48334 (248) 353-7575

B. Conscious pain and suffering;

C. Loss of financial support;

D. Loss of services;

E. Loss of gifts and other valuable gratuities;

F. Loss of society and companionship; and

G. All damages that are fair and just and that bear the circumstances of this loss.

44. That should it be determined at the time of trial that the said the decedent was suffering from any pre-existing conditions, at the time of the aforementioned Subject Incident, then and in such event, it is averred that the negligence of Defendants, individually and collectively, precipitated, exacerbated, and aggravated any such pre-existing conditions.

WHEREFORE, the Plaintiff ZACHARY NEWHOUSE, Personal Representative of the Estate of DAVID NEAL NEWHOUSE, JR., Deceased, now claims judgment for whatever amount he is found to be entitled, plus costs, attorney fees and interest from the date of filing this Complaint.

MICHIGAN AUTO LAW, P.C.

BY: /s/ *Joshua R. Terebelo*
JOSHUA R. TEREBELO (P72050)

JORDAN M. EWALD (P85650)
Attorneys for Plaintiff
30101 Northwestern Highway
Farmington Hills, MI 48334
(248) 353-7575

Dated: October 19, 2026

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills, MI 48334 (248) 353-7575

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills, MI 48334 (248) 353-7575

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ZACHARY NEWHOUSE, Personal Representative of the Estate of DAVID NEAL NEWHOUSE, JR., Deceased,

Plaintiff,

Case No:
Hon.

vs.

OZARK MOTOR LINES, INC., a Tennessee Corporation, and MICHAEL JOSEPH ZIEMBA, Jointly and Severally,

Defendants.

JOSHUA R. TEREBELO (P72050)
JORDAN M. EWALD (P85650)
**MICHIGAN AUTO LAW, P.C.**
Attorneys for Plaintiff
30101 Northwestern Highway
Farmington Hills, MI 48334
(248) 353-7575; Fax (248) 254-8091
jterebelo@michiganautolaw.com
jjones@michiganautolaw.com
jewald@michiganautolaw.com

JORDAN M. JONES (P77866)
**LOS ANGELES TRUCK ACCIDEN**
**LAWYERS, PC**
Co-Counsel for Plaintiff
360 E. 2nd St., Ste. 820
Los Angeles, CA 90012
P: (213) 993-0360
F: (213) 816-1972
jjones@TruckLawyers.com
gcanto@TruckLawyers.com

## DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, ZACHARY NEWHOUSE, Personal Representative of the Estate of DAVID NEAL NEWHOUSE, JR., Deceased, by and through his attorneys, and hereby demands a trial by jury in the above-entitled matter.

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills, MI 48334 (248) 353-7575

MICHIGAN AUTO LAW, P.C.

BY: /s/ *Joshua R. Terebelo*

JOSHUA R. TEREBELO (P72050)
JORDAN M. EWALD (P85650)
Attorneys for Plaintiff
30101 Northwestern Highway
Farmington Hills, MI 48334
(248) 353-7575

Dated: October 19, 2026